# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **CPG FINANCE I, L.L.C,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-3015-CV-S-RED |
| ) | |
| **SHOPRO, INC., and** ) | |
| **MICHAEL C. REINECK,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Now pending before the Court is Plaintiff's Motion for Immediate Possession or in the Alternative, Expedited Hearing (Doc. 9). Plaintiff has requested payment of past due rent and for immediate possession of real property under a lease contract in the above styled case pursuant to Mo. Rev. Stat. § 535.010 *et seq.* Defendants have filed a response to Plaintiff's Motion (Doc. 13) as well as an Answer and Counterclaims (Doc. 12) to Plaintiff's State Court Petition. However, because the Court has determined that it lacks subject matter jurisdiction over the relief sought in this action, the case is due to be **REMANDED** to the Circuit Court of Taney County, Missouri pursuant to 28 U.S.C. § 1447(c).

### I. Factual and Procedural Background

On April 21, 1999, KPT Mortgage, L.L.C., Plaintiff's predecessor in interest, and Defendant Shopro entered into a lease agreement for retail space located at the Factory Shoppes at Branson Meadows, an outlet and specialty shopping center in Branson, Taney County, Missouri. Shopro rented the retail space for the purpose of operating a multi-plex movie theater. On or about the same day, KPT Mortgage also entered into a guaranty with Defendant Michael Reineck. Plaintiff alleges that this guaranty compelled Defendant Reineck to ensure Shopro's obligations under the terms

of the lease. According to Plaintiff, under the terms of the lease, Defendant ShoPro is obligated to pay monthly rent and other lease fees to Plaintiff. On or about September 25, 2005, Plaintiff alleges that it notified Defendant Shopro that it was in default of the lease for non-payment of rent and other lease charges due for the months of April through September 2005. Plaintiff also allegedly sent a demand letter to Defendant Reineck, notifying him that the guaranty might be called. Plaintiff, alleging to have never received the payments owed by Defendant Shopro, proceeded to file a Petition in the Circuit Court of Taney County, Missouri on December 8, 2005. Plaintiff's Petition seeks relief in two counts: (1) for back rent owed and immediate possession of the premises against Defendant ShoPro, Inc. and (2) enforcement of the guaranty under the lease agreement against Defendant Michael Reineck. Pursuant to Missouri law, the Circuit Court of Taney County set an expedited hearing for January 12, 2006, and Defendants Michael Reineck and Shopro Inc. were served with a summons on December 13 and 27, 2005, respectively, notifying them of the January 12, 2006 hearing.

On January 12, 2006, the Defendants removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. Plaintiff then proceeded to file with the Court a Motion for Immediate Possession or in the Alternative, Expedited Hearing (Doc. 9), requesting essentially the same relief sought under state law. Specifically, Plaintiff requested that the Court enter an order requiring Defendants to pay all past due rent and grant Plaintiff immediate possession of the premises or in the alternative, for an expedited hearing on its right to past due rent and possession of the premises. Defendants filed a Response (Doc. 13) to Plaintiff's Motion arguing that Plaintiff was not entitled to relief because of counterclaims for breach of contract and breach of covenant of good faith and fair dealing contained in Defendants' Answer (Doc. 12) and that Plaintiff's Motion

-2-

was moot because the parties were ordered to participate in the Court's Early Assessment Program (alternative dispute resolution).

## II. Standard of Review

In a case removed to Federal Court, the Court has the duty to determine its jurisdiction, and to raise the issue of subject matter jurisdiction *sua sponte,* if necessary. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982); *Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir.1990); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997).

## III. Analysis

At issue in this case is whether Defendants may properly remove an action for rent and possession brought under Chapter 535 of the Missouri Revised Statutes. Pursuant to 28 § U.S.C. 1441(a), any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court for the division or district in which the state action is pending. If no federal question is stated in the petition, then diversity jurisdiction must be satisfied. 28 U.S.C. § 1332(a). The Court will assume that the conditions of diversity jurisdiction are satisfied in this case because although the real property at issue is located in Missouri, Plaintiff asserts that it is a citizen of Delaware, Defendants

-3-

assert that they are citizens of Wisconsin, and the amount in controversy exceeds $75,000.

Even assuming diversity jurisdiction exists, removal is proper only if the Court has original jurisdiction over the matter. Courts must be "mindful that the nature of federal removal jurisdiction–restricting as it does the power of the states to resolve controversies in their own courts–requires strict construction of the legislation permitting removal." *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir.2002) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941)). The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. *See* 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir. 2000) ("A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court . . . .")

Here, it is clear that the essence of Plaintiff's Petition as stated in count one is an action for immediate possession of the premises and back rent owed. Such actions are commonly referred to as rent and possession cases and are authorized by Mo. Rev. Stat. § 535.010 *et. seq.* Under Missouri law, it is undisputed that an action for rent and possession is a summary proceeding. *Ellseworth Breihan Bldg. Co. v. Teha Inc.,* 48 S.W.3d 80, 83 (Mo. App. E.D. 2001); *French v. Ester*, 749 S.W.2d 461, 462 (Mo. App. E.D. 1988). A summary proceeding is defined as "[a] nonjury proceeding that settles a controversy or disposes of a case in a relatively prompt and simple manner." *Black's Law Dictionary* 1222 (7th Ed. 1999); *see also New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406 (1960) ("The very purpose of summary rather than plenary trials is to escape some or most [plenary] trial procedures."); *Ellseworth Breihan Bldg. Co.,* 48 S.W.3d at 83

("Typically, summary proceedings are entirely statutory, sui generis, summary in character or nature, and the remedy is speedy.") For example, all that is required to initiate a summary rent and possession action in Missouri is a verified statement filed with an associate circuit judge in the county where the property is located, setting forth the terms of the lease; the amount of rent due; a statement that the rent has been demanded and not paid; and a description of the property leased or rented. Mo. Rev. Stat. § 535.020. A formal pleading is not required. The court clerk then issues a summons setting an expedited court date, and the summons is only required to be served at least four days before the court date. Mo. Rev. Stat. § 535.030 Alternatively, the court date will not be set more than twenty one (21) days after the summons is issued unless the plaintiff or plaintiff's attorney consents in writing to a later date. *Id.* The chapter authorizing a rent and possession action also contains no provisions for discovery or for a trial by jury.

Clearly, the summary process governed by Mo. Rev. Stat. § 535.010 *et seq.* differs greatly from a plenary action[1] under the Federal Rules of Civil Procedure. For instance, the Federal Rules of Civil Procedure require service of a summons and complaint and formal pleadings, do not provide for short notice of hearing, and contain detailed provisions for discovery and trial by jury. A summary process by its very nature is intended to escape some or most of these procedures. *Scanlon*, 362 U.S. at 406. Although a district court applies the substantive law of the forum state in which it sits, it applies the federal laws governing procedure. *See Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965); *Hiatt v. Mazda Motor Corp.,* 75 F.3d 1252, 1255 (8th Cir. 1996). The Federal Rules of Civil Procedure govern all suits of a civil nature even if the civil action has been removed to the

---

[1] A plenary action is defined as "a full hearing or trial on the merits, as *opposed to a summary proceeding*." *Black's Law Dictionary* 31 (7th ed. 1999) (emphasis added).

-5-

district court from state court, Fed.R.Civ.P. 81(c), and "provide the normal course for beginning, conducting, and determining controversies." *Scanlon,* 362 U.S. at 406. Since the Federal Rules of Civil Procedure govern the Court's approach, unless there is express statutory authorization, a federal court should not allow proceedings more summary than the full court trial at common law. *See id.* at 407; *see also Daly v. United States*, 393 F.2d 873, 875 (8th Cir. 1968) ("Except when expressly authorized by statute summary proceedings are to be substituted for plenary actions only in narrowly defined special circumstances.")

The Court has determined that there is no authorization for summary adjudication of rent and possession actions contained within the Federal Rules of Civil Procedure or authorized by any other statute governing federal court procedures. To the extent that Defendants would attempt to transform this summary proceeding into a plenary one by removing the case to federal court and filing counterclaims, such efforts must fail. Other district courts interpreting similar summary rent and possession actions originally filed in state court and subsequently removed to federal court have remanded the case back to state court for lack of federal subject matter jurisdiction, even if Defendants have filed a counterclaim. *See Harvard Real Estate-Allston, Inc. v. KMART Corp.,* 407 F.Supp.2d 317 (D.Mass. 2005) (no counterclaim); *Glen 6 Associates, Inc. v. Dedaj*, 770 F.Supp. 225 (S.D.N.Y. 1991) (counterclaim). In short, the special summary process specifically provided for under Missouri law would be thwarted if a Defendant was allowed to counterclaim and remove to federal court. The removal becomes a tactic to prolong the nonpayment of rent status. The Court is also unable to locate any case in which a summary proceeding filed under Chapter 535 of the Missouri Revised Statutes has been successfully removed to federal court. Therefore, since an action for rent and possession, a summary proceeding under Missouri law, could not have been

-6-

brought in this Court originally, the Court must **REMAND** for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

Alternatively, it is worth noting that the Court considered remand of the case on various abstention doctrines. However, because the Court has concluded on other grounds that it lacks subject matter jurisdiction, the Court need not entertain an abstention analysis as a basis for remand. Yet, the Court finds that many policy objectives underlying abstention nevertheless provide support to the Court's analysis in the instant case. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("abstention is warranted by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

It is undisputed that the above styled case involves a landlord/tenant dispute under state law that in no way implicates federal law. Since the petition was brought under a statute authorizing immediate possession, the remedy sounds in equity. Federal courts have long deferred to state public policy in such areas, particularly when there is a specific procedure that adequately protects the litigants' rights and does not involve a federal question. *See Alabama Public Serv. Comm'n v. Southern Railway Co.,* 341 U.S. 341, 348-351 (1951); *Meredith v. City of Winter Haven*, 320 U.S. 228, 237 (1943) ("It is in the public interest that federal courts of equity should exercise their discretionary power to grant or withhold relief so as to avoid needless obstruction of the domestic policy of the states.") Here, a simple state summary process exists to settle a landlord/tenant dispute in an expedient manner, and the removal of this case to federal court has only delayed this process by several months. Accordingly, principles of comity, federalism and judicial economy further support remand of this case to the state circuit court for prompt disposition.

Case 6:06-cv-03015-RED   Document 23   Filed 03/22/06   Page 7 of 8

Finally, Defendants' claim that Plaintiff's motion is moot because this case was referred to the Early Assessment Program is without merit. Subject matter jurisdiction is not waivable and there is nothing about the Early Assessment Program that changes any pleading rights or requirements. *See* Notice of Inclusion in the Early Assessment Program in the Western District of Missouri (Doc. 10-1) ("Inclusion in this program does not relieve you of any the obligations or deadlines that you have in this lawsuit.")

For the all the reasons stated herein, it is hereby:

ORDERED that this case be **REMANDED** to the Circuit Court of Taney County, Missouri.

**IT IS SO ORDERED**.

DATE: March 21, 2006  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT